UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 04-374-C

LORENA RHEA,                                                                        PLAINTIFF,

V.                              MEMORANDUM OPINION AND ORDER

FIFTH STREET HI-RISE, INC., ET AL.,                                    DEFENDANTS.


* * * * * * * * * *

This matter is before the court on the motion of the defendants, Fifth Street

Hi-Rise, Inc. d/b/a J.O. Blanton House ("Blanton House"), TESCO Properties, Inc.

("TESCO"), and Carlos Lynes ("Lynes"), for summary judgment (DE 58).  The court,

having reviewed the record and being otherwise sufficiently advised, will grant the

defendants' motion.

    **I. Statement of Facts**

The plaintiff, Lorena Rhea, was employed as a manager of Blanton House

from October 21, 2002, until May 27, 2003.  Blanton House is a high-rise

apartment facility that provides housing to individuals who receive housing

subsidies from the Department of Housing and Urban Development ("HUD").

Carlos Lynes is the President of the Board of Directors of Blanton House and was

one of the plaintiff's supervisors.

In January or February of 2003, HUD informed Blanton House's Board of

Directors ("Board") that, due to concerns about Blanton House's management and

operations, the Board would need to obtain an independent managing agent.  In late February of 2003, the Board hired TESCO to manage the property.

On or about February 25, 2003, Larry Sisson ("Sisson"), Vice President of TESCO, advised the plaintiff to transfer Blanton House's funds from one bank to another because TESCO was not a signatory on Blanton House's existing accounts and could not access the company's funds.  The plaintiff did not comply with this directive, and Sisson made further requests for the plaintiff to transfer these funds, which were also refused.  On May 8, the plaintiff was suspended for three days for failing to notify her supervisor of her absences and failing to complete a drug test as instructed.  Following her return, the Board determined that the plaintiff was insubordinate and would be unable to coexist with Sisson and, on May 27, 2003, voted 6-3 to terminate her employment.  Sisson notified the plaintiff of the Board's decision on May 28, 2003.

The plaintiff commenced this civil rights suit in Jefferson Circuit Court, and it was later removed to this court.  In her complaint, the plaintiff alleges that she was justified in refusing to transfer Blanton House's funds as requested by Sisson because this transfer was premature and could not be completed without the written consent of the Board.  She also claims that, on at least one occasion, Sisson verbally harassed her on account of her race.  The actions of the defendants, Rhea alleges, amount to a denial of her civil rights and "constitute retaliation and wrongful termination."  Plaintiff's Complaint, at 6-7.

2

**II. Standard of Review**

When considering a motion for summary judgment, the court must determine

that there are "no genuine issues as to any material fact and the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain

language of Rule 56(c) mandates the entry of summary judgment, after adequate

time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial." *Celotex Corporation*

*v. Catrett*, 477 U.S. 317, 322 (1986).  A court must look beyond the pleadings

and assess the proof to determine whether there is a genuine need for trial.

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The significant question is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 251-53 (1986).

The moving party has the burden of showing there is an absence of evidence

to support a claim. *Celotex,* 477 U.S. at 324-25.  After the movant carries that

burden, the non-moving party must go beyond the pleadings to designate by

affidavits, depositions, answers to interrogatories, and admissions on file specific

facts showing that there is a genuine issue of material fact for trial. *Id.*  If the non-

movant completely fails to prove an essential element of her case, then all other

3

facts are rendered immaterial. *Id.* at 322-23.

### III. Legal Analysis

In their motion for summary judgment, the defendants claim that they are entitled to judgment as a matter of law on the plaintiff's race discrimination and retaliation claims because the plaintiff cannot establish a prima facie case for either claim, and, even if she could establish such a prima facie case, she would ultimately be unable to meet her burden of proof.  The defendants base these allegations on the grounds that the plaintiff was discharged for her insubordination, and, most importantly, that she admitted in her deposition that her termination was not racially motivated but was based solely on her refusal to transfer Blanton House's accounts as requested by Sisson.  Lynes claims he is entitled to summary judgment on the additional ground that he is not an "employer" for the purposes of Title VII.

In her response, Rhea again admits that her termination had nothing to do with race.  She nonetheless claims that her termination was wrongful and retaliatory because it was based on her filing a complaint with the EEOC, making other complaints to her employer, and refusal to engage in an allegedly illegal or unethical transfer of funds from one bank to another.  The plaintiff then states that genuine issues of material fact exist as to whether her discharge for these reasons violated Title VII, the Kentucky Civil Rights Act ("KCRA"), and Kentucky common law.  Finally, while apparently conceding that Lynes was not her employer for the

purposes of Title VII, the plaintiff claims that Lynes does qualify as an employer under the KCRA and his dismissal from this case would therefore be improper.

As an initial matter, the defendants allege that any claims brought under the KCRA or Kentucky common law should be barred because they were not properly pled in the plaintiff's complaint as required by Fed. R. Civ. P. 8(a)(2).  For the same reason, the defendants state that any claims asserting that Rhea was terminated because of complaints made to her superiors or the EEOC must also fail.

Rule 8(a)(2) states that a pleading setting forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Under this liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant "fair notice of what the claim is and the grounds upon which it rests."  *Vector Research, Inc. v. Howard & Howard Attorneys, P.C.,* 76 F.3d 692, 697 (6th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* 2 James Wm. Moore et al., *Moore's Federal Practice* § 8.04[3] (3d ed. 2006) ("Rule 8(a)(2) does not require a claimant to set forth any legal theory justifying the relief sought on the facts alleged, but does require sufficient factual averments to show that the claimant may be entitled to some relief.").

At the summary judgment stage, however, "the liberal pleading standards under . . . the Federal Rules are inapplicable."  *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour*

*v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).  A plaintiff

may not amend her complaint through argument in a brief opposing summary

judgment, *Gilmour*, 382 F.3d at 1315, because to permit a plaintiff to do so would

subject defendants to unfair surprise.  *Tucker*, 407 F.3d at 788.

　　　In this case, the plaintiff's complaint merely recites the alleged facts leading

up to the termination of her employment at Blanton House and concludes with the

statement that the defendants' actions "constitute retaliation and wrongful

termination."  Nowhere in her complaint does the plaintiff refer to the KCRA,

Kentucky common law, or even Title VII.  The defendants, however, removed this

case to this court based on Title VII.  Moreover, this court dismissed Sisson as a

defendant from this case in an order entered on November 16, 2004, based on the

fact that Sisson, an individual defendant, was not an "employer" as that term is

defined in Title VII.  *See* 42 U.S.C. § 2000e(b).  The plaintiff did not respond to

Sisson's motion to dismiss with the argument that Sisson qualified as an employer

under the KCRA, an argument she has made in response to Lynes's claim that he

was not the plaintiff's employer for Title VII purposes.  Indeed, Rhea did not

respond to Sisson's motion at all.  Finally, every substantive motion and order of

record in this case has referred to Title VII, and only Title VII, as the basis for the

plaintiff's lawsuit.

　　　In short, the defendants have litigated this case for over two years on the

reasonable belief that the plaintiff was asserting only a Title VII claim.  While the

plaintiff's allegations of "retaliation and wrongful termination" may have been sufficient to alert the defendants to possible claims under the KCRA or the Kentucky common law at the pleading stage, she may not now, in response to a motion for summary judgment, assert claims and legal theories that have not been introduced in this case.  To allow the plaintiff to do so would subject the defendants to the "unfair surprise" of which the Sixth Circuit spoke in *Tucker*.  *See also Gilmour*, 382 F.3d at 1315 ("Liberal pleading does not require that, at the summary judgment stage, defendant must infer all possible claims that could arise out of the facts set forth in the complaint.").  Therefore, the court holds that the plaintiff is barred from asserting any claims against the defendants based on possible violations of the KCRA and Kentucky common law.[1]

The plaintiff's allegations that she states a claim under Title VII for retaliatory discharge and wrongful termination based on her filing a complaint with the EEOC and reporting other problems to her employers are similarly flawed.  In her complaint, Rhea did not describe any grievances she may have had against her employers other than her EEOC filing.  Further, she has not provided the defendants

---

[1]The plaintiff does not dispute the defendants' argument that, because "Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII," *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997), the defendant Lynes is entitled to summary judgment on the plaintiff's claims based on Title VII.  Instead, Rhea claims that Lynes may be held liable as an employer under the KCRA.  Since the court has held that the plaintiff is barred from asserting any claims against the defendants that are not based on Title VII, the court therefore finds that Lynes is entitled to summary judgment and must be dismissed from this case.

or the court with any evidence of such complaints in her response to the defendants' motion for summary judgment.  Finally, and most importantly, the plaintiff clearly admitted in her deposition that she was terminated solely for her refusal to transfer Blanton House's funds as requested by Sisson.  A party cannot create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony.  *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986); *see also Jones v. Kroger, Inc.*, No. 504-543-JMH, 2005 WL 2807194, at *4 (E.D. Ky. Oct. 27, 2005) (holding that a plaintiff could not rely on claims of sexual harassment in response to a motion for summary judgment where her allegations to that point had referred only to racial harassment).  In this case, the plaintiff's response to the defendants' motion for summary judgment not only contradicts her earlier deposition testimony but also relies on allegations that are unsworn.  In sum, the plaintiff is attempting to defend against a motion for summary judgment based on assertions that the defendants had no notice of, that are unsupported, and that contradict sworn testimony in this case.  Since allowing the plaintiff to do so would contravene both the Federal Rules of Civil Procedure and Sixth Circuit precedent, the court holds that the plaintiff may not rely on any complaints she may have made to her employers in supporting her Title VII claim.

In addition to the fact that the plaintiff stated in her deposition that she was terminated only for her refusal to transfer funds, the plaintiff's reliance on her EEOC

8

complaint in support of her claims fails for a more fundamental reason.  The plaintiff alleges that she filed a complaint with the EEOC in May of 2003, before her employment at Blanton House was terminated.  The EEOC complaint filed by the plaintiff, however, is dated June 10, 2003, and states that she had already been terminated at the time it was made.[2]  It appears to the court that the plaintiff's termination prompted the EEOC complaint, not vice versa.  Therefore, the court holds that the plaintiff is also barred from basing her Title VII claims for wrongful or retaliatory termination following the filing of her EEOC complaint.

The sole issue before the court is now whether the plaintiff's termination based on her failure to transfer Blanton House's funds from one bank to another violated Title VII.  To establish a prima facie claim for retaliation under Title VII, a plaintiff must show that: (1) she engaged in activity protected by Title VII; (2) this exercise of protected rights was known to the defendant; (3) the defendant thereafter took an adverse employment action against the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action.  *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000) (citing *Canitia v. Yellow Freight Sys., Inc.*, 903 F.2d 1064, 1066 (6th Cir. 1990), *cert. denied*, 498 U.S. 984 (1990)).  If the plaintiff establishes a prima facie case, then the burden shifts to the defendants to articulate a legitimate,

---

[2]While the court acknowledges the possibility that the plaintiff could have filed more than one EEOC complaint, she has not indicated that she did so, nor has she provided the court with evidence of any other such complaint.

9

nondiscriminatory reason for the plaintiff's discharge. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). The ultimate burden is on the plaintiff to demonstrate that the proffered reason was not the true reason for the employment action – that is, that the reason was merely a pretext. *Id.* at 578-79.

In this case, the plaintiff has alleged that she engaged in "protected activity" by refusing to participate in a transfer of funds that may have been unlawful or unethical. Title VII states, "It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter . . . ." 42 U.S.C. § 2000e-3(a). Courts construing the so-called "opposition clause" have held that the activity opposed need not actually violate Title VII; rather, the plaintiff must merely have a reasonable belief that the defendant has committed an unlawful employment practice. *See, e.g., Boyd v. James S. Hayes Living Health Care Agency, Inc.,* 671 F. Supp. 1155, 1168 (W.D. Tenn. 1987).

 Even when the plaintiff's allegations are viewed in the light most favorable to her, the court cannot conclude that she possessed the reasonable belief that, by failing to transfer monies as requested by her supervisor, she was opposing an activity prohibited by Title VII. The practices at which Title VII is aimed involve discrimination based on race, color, religion, sex, or alienage. *See* 42 U.S.C. § 2000e-2. Thus, even if the transfer requested by Sisson was illegal or unethical

(and the plaintiff has presented no evidence that it was), it would not constitute an unlawful employment practice for the purposes of Title VII.  It follows, then, that the plaintiff's opposition to it did not amount to "protected activity" and that the plaintiff therefore cannot establish a prima facie case of retaliation or wrongful termination pursuant to Title VII.  As a result, the defendants are entitled to summary judgment on the plaintiff's Title VII claims.  Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (DE 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that the pre-trial conference scheduled on October 12, 2006, and the trial scheduled on November 14, 2006, are **CANCELLED**.

Signed on  September 8, 2006

*Jennifer B. Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**